IN THE MATTER OF THE ESTATE OF PATRICIA M. ARBUCKLE, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1961—Decided November 3, 1961.

Before Judges GAULKIN, KILKENNY and HERBERT.

Mr. *James T. Owens* argued the cause for respondent Attilio J. Orsi, trustee.

Mr. *John Milton, Jr.,* argued the cause for appellant Alexander J. Arbuckle (*Messrs. Milton, Augelli & Keane,* attorneys; Mr. *John B. O'Neill,* on the brief).

Mr. *Clive S. Cummis, pro se,* guardian *ad litem* for Thomas Steele Arbuckle, William John Arbuckle and Nancy Kathleen Arbuckle, minors.

.PER CURIAM. This is an appeal from a portion of a judgment of the Essex County Court, Probate Division. The plaintiff is the father of three minor children who make their home with him and who are the beneficiaries of a testamentary trust created by their mother, Patricia M. Arbuckle, who died on January 14, 1958. He is also the duly appointed guardian of the three children. By the complaint which he filed with the County Court the plaintiff sought to compel the trustee of the fund, Attilio J. Orsi, to reimburse him for certain specified expenditures made on behalf of the children, to reimburse him for moneys spent by way of what may be considered ordinary support, and to make regular periodic payments to the plaintiff for use in supporting the three children in the future.

At the hearing before the County Court there was considerable evidence offered to show that the plaintiff had suffered reverses in business after the death of his first wife and, in providing for his household, had run up bills which he was unable to pay. There was also an attempt to show that the continuing and substantial burden of supporting the family would overtax the plaintiff's prospective income to the point where future financial aid from the trust fund would be justified. The proceedings in the County Court also brought out that the plaintiff had married again in 1958, that his present wife has two boys who are in her custody under the divorce decree which ended her prior

marriage, and that the plaintiff and his present wife have a young child of their own. The plaintiff thus has a household of eight, including himself, although it should be added that the former husband of Mrs. Arbuckle is obligated by the divorce decree to contribute to the support of the two boys already mentioned.

The will of Patricia M. Arbuckle placed the residue of her estate in trust and directed her trustee, after payment of proper trust expenses, "to use and apply so much of the net income thereof to the proper and necessary care, support, education and maintenance of each" of her three children until the age of twenty-one. This provision is followed by one which specifies that between the ages of 21 and 25 each child shall be paid his proportionate share of the trust income. If any child dies before the age of 25, his or her share goes to Mrs. Arbuckle's surviving child or children. Principal of the trust fund may be used under a paragraph of the will which reads:

"In the event that the net income shall in any year or years be insufficient for the proper and necessary care, support, education and maintenance of my said children, or any of them, I then authorize and empower my trustees to invade the *corpus* of this trust and to use and apply so much thereof as my trustees in their sole discretion shall deem necessary and proper to the aforesaid purposes."

It was alleged and admitted before the County Court that the final account of Patricia M. Arbuckle's executors showed a balance, both *corpus* and income, of $113,162.20.

Except for ordering the trustee to reimburse the plaintiff for sums expended on treatment needed by one of the children, the County Court concluded that the situation disclosed by the testimony did not otherwise call for use of moneys from the trust to support the three children and that their father should provide for them pursuant to his primary obligation to do so. The court cited and relied upon *Turney v. Nooney,* 21 *N. J. Super.* 522 (*App. Div.* 1952). Judgment was entered accordingly on December 9, 1960, and from that judgment this appeal was taken.

■ Between the close of the proceedings in the County Court and the date when the case was reached for argument before us the affairs of the Arbuckle household did not remain static. All parties have · recognized that time has passed and some changes have occurred, and that has led to some discussion between counsel and with the court about the problem in terms of the present situation. That situation has certain features which are in the nature of emergencies. For one thing, the mortgage on the Arbuckle home is in default, foreclosure is threatened, and a payment of $626.24 is needed to restore the mortgage to good standing. For another thing, there is an unpaid milk bill of $507.88. We are satisfied that Mr. and Mrs. Arbuckle do not have funds to pay these items and at the same time fully take care of current living expenses. The fundamental difficulty is that Mr. Arbuckle's earning capacity has not gone back to the prosperous level of several years ago, and although he has prospects for the future, they have not yet materialized.

We are satisfied that it will benefit the three children of Patricia M. Arbuckle to save from foreclosure the comfortable home in which they are now living and that it will also benefit them to pay the milk bill which was undoubtedly run up in large part because of them. We recognize that there will also be benefits for the other members of the household, but that is almost inevitably true in every case in which funds are paid toward supporting a minor child in a home where he lives with other people.

We are also satisfied that the present earning capacity of Mr. Arbuckle, his lack of any substantial capital resources and the similar lack of his present wife, as well as the cost of maintaining the household on a reasonably comfortable scale, will justify a contribution of $300 a month to be paid from the trust income and used toward the support of the three children of Patricia M. Arbuckle.

There can be no argument about the primary obligation of Mr. Arbuckle to support and educate the children. However, at present he is not being completely successful at doing

so and he has not been completely successful in the recent past. Whether his lack of success has been due to bad judgment or bad fortune is immaterial. Whatever the cause, the effect is the same upon Patricia M. Arbuckle's three children, and they should not lack for support which their father is not able to give them when their mother has directed that the net income of the trust she created shall be used and applied "to the proper and necessary care, support, education and maintenance of each of my dearly beloved children."

This appears to be an appropriate occasion for us to exercise our original jurisdiction. *R. R.* 2:5 and *R. R.* 1:5–4. Though that jurisdiction should be used sparingly, we are here confronted with a case that calls for prompt action and one which has been decided to a considerable extent on the basis of stipulations about the present situation of the Arbuckle household which have been made to us by counsel for the parties and which were not available when the court below made its decision. Our determination will be "dispositive of the cause" [*R. R.* 2:9–1(b); *R. R.* 1:9–1(b)]. We will, therefore, make an order providing that Attilio J. Orsi, trustee of the trust created by the will of Patricia M. Arbuckle, shall pay from the accumulated trust income in his hands: the sum of $626.24 to be applied on account of the mortgage indebtedness secured by the mortgage on the Arbuckle home, the sum of $507.88 to be applied on account of the Arbuckle milk bill which is now due and owing, and that he shall pay over to Mr. and Mrs. Arbuckle or either one of them as he may see fit, the sum of $300 each month commencing with the month of October 1961 for the care, support, education and maintenance of the three children of Patricia M. Arbuckle, such total of $300 being $100 a month for the benefit of each of them. And the trustee may make it a condition of these monthly payments that he be furnished with satisfactory proof that the mortgage indebtedness on the Arbuckle home is being kept in good standing. The order to be submitted

should provide that the directions and authorizations we are giving to the trustee shall not relieve him of the obligation to exercise his judgment and discretion with respect to changes which may take place in the future, and which may make the payment of $300 monthly from trust income no longer appropriate. There should also be a provision in the order that nothing contained in it will prevent any of the parties from applying to the Essex County Court or any other court of competent original jurisdiction for future relief.